Dewey, J.
This was an indictment for larceny found in the Steuben Circuit Court. The defendant below was tried in the LaGrange Circuit Court, and found guilty of petit larceny. The verdict, among other things, disfranchised the prisoner from holding any “office of trust.” The judgment founded on that part of the verdict was that he be disfranchised from holding any “office of trust or profit.”
The record does not show how the cause was transferred from the Steuben to the LaGrange Circuit Court, nor does it show that any objection was made to the jurisdiction of the latter Court.
*The errors assigned are, 1, That the LaGrange Circuit Court had no right to try the cause; and, 2, That the verdict was not authorized by law, nor the judgment by the verdict.
Neither of these objections can prevail. In the case of Bosley v. Farquar et al., 2 Blackf., 61, it was held that a cause *570 commenced in one Circuit Court could be legally tried in another, the record showing neither a change of venue nor an objection urged to the jurisdiction of the Court which tried the cause; and that it was too late to urge the want of jurisdiction, for the first time, in this Court. We perceive no substantial difference between that case and the cause under consideration. The circumstance that one was a civil action and the other a criminal suit can make no difference, because the right to change the venue is common to both, and because neither could be legally tried in the Court taking cognizance of it without a regular change of venue, had an objection to the jurisdiction been made. In the absence of such an objection, a change of venue must be presumed.
W. H.. Coombs, for the plaintiff.
A. A. Hammond, for the State.
The law prescribes as a part of the punishment on a conviction of petit larceny that the culprit be “disfranchised and rendered incapable of holding any office of trust or profit” for a determinate period, to be found by the jury. R. S., 1838, p. 208. The objection urged against this verdict is that it disfranchises only in reference to offices of “trust,” being silent as to those of “profit.” We conceive the objection to-be merely verbal. All offices of profit are necessarily offices of trust; and must therefore be included in those of' the latter description. We think the verdict complies substantially with the law; and that it authorized the judgment rendered by the Court.
Per Curiam.—The judgment is affirmed with costs.